**CMS SECURITY, INC., a California corporation; Everal Thompson, an individual, Plaintiffs–Appellants,**

**v.**

**The BURLINGTON INSURANCE COMPANY, an unknown entity, Defendant–Appellee.**

**No. 10–15672.**

United States Court of Appeals, Ninth Circuit.

**614**

Submitted May 13, 2011.*

Filed May 23, 2011.

Peter William Clerides, Esquire, Law Offices of Peter W. Clerides, San Francisco, CA, for Plaintiffs–Appellants.

Jenny Jen–Yi Chu, Esquire, David B.A. Demo, Esquire, LHB Pacific Law Part-

ners, LLP, Emeryville, CA, for Defendant–Appellee.

Before: W. FLETCHER and N.R. SMITH, Circuit Judges, and MILLS, Senior District Judge.**

### MEMORANDUM ***

CMS Security, Inc. (CMS) appeals the district court's order granting summary judgment for The Burlington Insurance Company (TBIC). CMS challenges the enforceability of a policy exclusion in its TBIC-issued commercial general liability policy under California law. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

CMS's general liability policy includes an exclusion for claims arising out of intentional acts of assault or battery. This exclusion was conspicuous, because it was (1) identified by name in the listing of forms and endorsements at the beginning of the policy, (2) set forth on its own separate page, (3) placed among other policy exclusions "where one would expect an insured to look to determine the policy limits," and (4) labeled in boldfaced and enlarged lettering "so that it [would] attract the reader's attention." *Haynes v. Farmers Ins. Exch.*, 32 Cal.4th 1198, 13 Cal.Rptr.3d 68, 89 P.3d 381, 385, 387 (2004). The exclusion is also plain and clear, because it states "precisely and un-

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Richard Mills, Senior District Judge for the U.S. District Court for Central Illinois, Springfield, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

derstandably, in words that are part of the working vocabulary of the average layperson," that it changes the policy to exclude coverage for claims arising out of assault or battery. *Id.* at 385, 13 Cal.Rptr.3d 68. The exclusion is therefore enforceable under California law.

**AFFIRMED.**